KELLS MILL AND LUMBER COMPANY, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLEE, v. THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

*Argued November 3, 1915—Decided July 22, 1916.*

1. The state courts have jurisdiction in actions brought independently of the federal statutes for some wrong done, where the federal statutes come incidentally into operation by reason of some regulatory provision contained therein and where the action itself is brought neither for a violation or enforcement of the federal statute nor for the purpose of assailing the validity or legal efficacy of the provisions of the federal statute.
2. An action of replevin may be brought in a state court to recover certain goods in the custody of a carrier, although the goods were shipped from one state to another, and the demurrage charges, by reason of the refusal to pay which led the carrier to refuse delivery, were governed by tariffs filed with the interstate commerce commission under the federal statute.

---

On appeal from the First District Court of Jersey City.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Vredenburgh, Wall & Carey.*

For the appellee, *Maximilian T. Rosenberg.*

The opinion of the court was delivered by

KALISCH, J. Judgment was given in the First District Court of Jersey City, in an action of replevin, in favor of the plaintiff and against the defendant. From that judgment the defendant company has appealed to this court. The replevin action grew out of the refusal of the appellant company, through the captain of a canal boat, to deliver certain lumber unless a demurrage charge was paid. Whether or not a demurrage charge had accrued was in dispute between the parties. The court found from the testimony that no demurrage charge had accrued.

The appellant further contended that the facts show that the shipment of the lumber was interstate, and therefore the case was not cognizable in the state courts but only in the federal courts or by the interstate commerce commission.

The shipment was interstate and consisted of about fourteen thousand feet of white cedar lumber. It was shipped by Roper Lumber Company from Norfolk, Va., to the plaintiff at Brooklyn, the appellant company being the terminal carrier. The lighterage from Jersey City to Brooklyn was done for the appellant by a lighterage company by means of a canal boat. This canal boat arrived at the plaintiff's dock in Brooklyn on July 29th, 1915, at one thirty P. M. The plaintiff under the rules regulating this transportation and agreement had forty-eight hours within which to have its lumber unloaded before any claim for demurrage could be made. The time, therefore, for unloading expired on July 31st, 1915, at one thirty P. M. The carrier, concededly, was to do the unloading. The lumber was not unloaded within the forty-eight hours and the captain refused to continue the unloading, after the expiration of the forty-eight hours, unless he were paid a demurrage charge of $10.

Before taking up the consideration of the jurisdictional question raised by the appellant, we will turn our attention, briefly, to the controversy relating to the demurrage charge.

In the schedule filed by the appellant company relating to freight shipments with the interstate commerce commission, there appears a rule, which, among other things, provides

492    NEW JERSEY SUPREME COURT.

Kells Mill & Lumber Co. v. Penna. R. R. Co.    *89 N. J. L.*

that a consignee of goods must provide a berth to receive them, and that forty-eight hours from the time the car float, lighter or barge reports (Sundays and full holidays excepted) shall be deemed lay days without charge, and that after the expiration of the forty-eight hours demurrage shall accrue, &c., and according to the rates fixed in the schedule.

The legal efficacy of this rule and its application to the shipment in this case are not challenged. The facts, however, upon which the attempted collection of the demurrage tax, provided for by the rule, was claimed, were in dispute. The dispute presented two controverted questions of fact. For the appellant it was insisted that the consignee, the plaintiff below, failed to provide a berth for the boat, so that it could unload the lumber within forty-eight hours after it was reported, and that that was the reason why the demurrage accrued.

This was denied by the plaintiff below, who claimed that it had provided a dock for the delivery of the lumber in ample time for the captain of the boat, if he had used reasonable diligence, to have unloaded it within forty-eight hours after the boat was reported.

The trial judge found that the plaintiff below provided a dock in ample time, after the boat was reported, for the captain to have delivered the lumber within forty-eight hours, and that the cause of his failure to do so was due to the fact that he did not use reasonable diligence in unloading.

If there is any testimony to support the findings of the trial judge, they will not be disturbed, under the decision of the courts of this state. An examination of the record shows that there was testimony tending to establish that the plaintiff below provided a berth for the delivery of the lumber, and notified the captain of the boat to start unloading the lumber at that berth on Saturday morning at seven thirty o'clock, and that the plaintiff below would have its teams there at that time to haul the lumber away; that the teams of the plaintiff below were at the dock on Saturday morning, at the time mentioned, but the captain of the boat did not start to unload until two hours later, and that the lumber was hauled

away as fast as it was unloaded. There was also testimony to the effect that the boat could have been unloaded by two men working with reasonable diligence within three or four hours. This testimony supported the findings of the trial judge.

We now turn to a consideration of the challenge made by the counsel for appellant to the jurisdiction of the state court to entertain the present action.

The argument advanced by counsel for appellant is, in substance, that the shipment being interstate, the demurrage which was claimed to have accrued is governed exclusively by the provisions of the Interstate Commerce act (*U. S. Comp. Stat.* (1916), §§ 8563–8604) and the tariff filed with the interstate commerce commission in pursuance thereof, hence the state court is without jurisdiction because it was not within the power of the state court to decide whether demurrage had or had not accrued under the schedule filed by the appellant, but that that power was exclusively conferred by congress upon the interstate commerce commission or the federal court. This position is manifestly untenable. The cases cited by counsel for appellant to sustain the novel proposition urged upon us not only utterly fail in that respect, but on the contrary clearly recognize the jurisdiction of the state courts to deal with matters which are, or may be, in a measure regulated and governed by the Interstate Commerce act or the Carmack amendment. The courts of this state have repeatedly dealt, unquestioned, with matters governed by these federal acts. *Spada* v. *Pennsylvania Railroad Co.,* 86 *N. J. L.* 187; *Olivit Bros.* v. *Pennsylvania Railroad Co.,* 88 *Id.* 241; *Carr et al.* v. *Pennsylvania Railroad Co., Id.* 235.

There is nothing in either of the federal acts invoked which either expressly or impliedly forbids the state court from entertaining jurisdiction in a case like the one under discussion. The fallacy of the theory that the state court is without jurisdiction lies in the failure to properly distinguish between actions which are brought for violation or enforcement of the provisions of the federal statutes referred to, and which for that reason are only cognizable in the federal tri-

bunal, and actions at law brought independently of the federal statutes for some wrong done, and the federal statutes come incidentally into operation by reason of some regulatory provision contained therein, as in the case *sub judice*. In the former class of actions there is no doubt but that the federal courts and interstate commerce commission have exclusive jurisdiction, but not so in the latter.

The action which the plaintiff below instituted was not one dealing with discrimination in rates or the like, but that the appellant's charge for demurrage in this particular case was not warranted by its own regulation, that is, that it charged for something not contracted for.

This was, obviously, not assailing the legal efficacy of the rule or tariff regulation. If the carrier had delivered the lumber and sued for demurrage, is there any question but that the state court could have entertained jurisdiction? We think not.

Having dealt with the reasons solely relied on in the appellant's brief for a reversal of the judgment, and finding them to be without merit, the judgment will be affirmed, with costs.